2012 Ark. App. 2

**Margaret BRABON, Appellant**

v.

**ARKANSAS DEPARTMENT OF HUMAN SERVICES,**
**Appellee.**

**No. CA 11–832.**

Court of Appeals of Arkansas.

Jan. 4, 2012.

Leah Beth Lanford, Little Rock, for appellant.

Keith L. Chrestman, Jonesboro, Tabitha Baertels McNulty, Little Rock, for appellee.

LARRY D. VAUGHT, Chief Judge.

Margaret Brabon brings this appeal from the order of the Izard County Circuit Court terminating her parental rights to her four children, sons K.B., born April 17, 1998; T.B.1, born February 16, 2000; T.B.2, born May 24, 2001; and daughter A.B., born July 24, 2002.[1] For her sole point on appeal, Brabon argues that there was insufficient proof that the children were adoptable. We affirm.

The Department of Human Services (DHS) filed a petition for emergency custody of the children on December 17, 2009. The affidavits in support of the petition state that DHS received information that A.B. was being sexually abused by her brother K.B. During the course of that investigation, the DHS workers found the house filthy with dog feces in several rooms; dirty clothes and dishes throughout the house; and overturned furniture.

There were also four large drawings of male genitalia, some of which Brabon had attempted to cover up, on the walls. Police officers found stolen property and ingredients used to manufacture methamphetamine in Brabon's home. Brabon was arrested and charged with endangering the welfare of a minor, obtaining stolen property, and animal cruelty. As a result of Brabon's arrest, DHS exercised an emergency hold on the children. Another affidavit listed the department's involvement with Brabon dating back to August 2006. An ex parte order granting custody of the children to DHS was entered on December 18, 2009. The court later found probable cause for entry of the emergency order.

The adjudication hearing was held on January 27, 2010. The circuit court found the children to be dependent-neglected based on findings that Brabon had not complied with a safety plan designed to keep K.B. from abusing A.B. and that the allegations set forth in the emergency petition were true. The goal of the case plan was reunification. Brabon was ordered to, among other things, cooperate with DHS, follow the case plan, maintain safe and stable housing free of vermin or sexual predators, maintain stable employment or income, and not use any illegal drugs or medications not prescribed by a physician.

A review hearing was held on July 19, 2010. The court ordered the children to remain in the department's custody, with the goal of reunification. The court found that Brabon had partially complied with the case plan, but noted that she had not obtained employment or housing and had missed some mental-health appointments. The court repeated its earlier orders regarding steps needed for Brabon to regain custody.

---

1. The parental rights of Thomas Boch, the father of T.B.1, T.B.2, and A.B., were also terminated. Boch is not a party to this appeal.

A permanency-planning hearing was held on December 13, 2010. The court changed the goal to adoption, finding that Brabon had not made significant progress toward achieving the goals of the case plan nor was she diligently working toward those goals. Brabon had partially complied with the case plan; however, she had not obtained employment, housing, or transportation, and she had not been consistent with her visitation.

DHS filed its petition for termination on January 18, 2011. The petition alleged several statutory grounds for termination, including the "twelve month failure to remedy" ground, Ark.Code Ann. § 9–27–341(b)(3)(B)(i)(a); the "twelve month willful failure to provide support or maintain meaningful contact" ground, *see* Ark.Code Ann. § 9–27–341(b)(3)(B)(ii)(a); and the "subsequent issues" ground. Ark.Code Ann. § 9–27–341(b)(3)(B)(vii)(a).

After a continuance, the case proceeded to a termination hearing on April 26, 2011. There were only two witnesses, Theresa Strickland, the DHS case worker, and Brabon. After hearing their testimony and receiving documentary evidence, the court took the case under advisement and, on May 9, 2011, announced its ruling in open court. The court found two grounds for termination had been proved: the "twelve month failure to remedy" ground and the "subsequent issues" ground. The court found that termination of Brabon's parental rights was in the children's best interests and that the children were adoptable. The court noted that Brabon testified that the children were adoptable. The court's written order was entered on May 31, 2011. Brabon timely filed a notice of appeal.

■ We review cases involving the termination of parental rights de novo. *Welch v. Ark. Dep't of Human Servs.,* 2010 Ark. App. 798, 378 S.W.3d 290. The grounds for termination must be proved by clear and convincing evidence. *Id.* at 7, 378 S.W.3d at 294. When the burden of proving a disputed fact is by clear and convincing evidence, the question on appeal is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous, giving due regard to the opportunity of the circuit court to judge the credibility of the witnesses. *Id.,* 378 S.W.3d at 294.

■ The termination of parental rights is a two-step process that requires the circuit court to find that the parent is unfit and that termination is in the best interest of the child. *J.T. v. Ark. Dep't of Human Servs.,* 329 Ark. 243, 947 S.W.2d 761 (1997). The first step requires proof of one or more of the statutory grounds for termination. Ark.Code Ann. § 9–27–341(b)(3)(B). Brabon does not challenge the circuit court's findings that DHS proved grounds for termination, and we, therefore, do not address them. *Welch,* 2010 Ark. App. 798, at 8, 378 S.W.3d at 295.

■ The second step requires consideration of whether the termination of parental rights is in the children's best interest. Ark.Code Ann. § 9–27–341(b)(3)(A) (Repl.2009). This includes consideration of the likelihood that the juvenile will be adopted and the potential harm caused by returning custody of the child to the parent. The court, however, does not have to determine that every factor considered be established by clear and convincing evidence. Instead, after *considering* all of the factors, the evidence must be clear and convincing that the termination is in the best interest of the child. *Reid v. Ark. Dep't of Human Servs.,* 2011 Ark. 187, 380 S.W.3d 918; *McFarland v. Ark. Dep't of Human Servs.,* 91 Ark.App. 323, 210 S.W.3d 143 (2005); *see also Carroll v. Ark.*

*Dep't of Human Servs.,* 85 Ark.App. 255, 148 S.W.3d 780 (2004).

Here, the court found a high likelihood that the children would be adopted, one of the two factors to be considered in determining the best interest of the children under Ark.Code Ann. § 9–27–341(b)(3)(A). Brabon challenges only the sufficiency of the evidence to support the circuit court's findings of a high likelihood that the children would be adopted.

Theresa Strickland testified that the department's recommendation was to terminate Brabon's parental rights. She was unaware of any facts that would be an impediment to the children's adoption. She also testified that, according to the report of adoption specialist Sonya Pierce, there were several interested adoptive families. Pierce's report had been admitted by agreement at the start of trial. However, when Strickland admitted on cross-examination that Pierce would not testify at trial, Brabon's attorney asked the court to reconsider the admission of the report and raised a hearsay objection to the report and the fact that Pierce was unavailable for cross-examination. The circuit court reconsidered the matter, sustained the objection, and removed the report from the record.

Under continued cross-examination by Brabon, Strickland went on to testify that she believed that K.B. would be adoptable, even with the stigma of having sexually abused his sister. Strickland did not have any potential placements available for K.B., but testified that Pierce's report indicated that there were two families interested in adopting T.B.1, T.B.2, and A.B. She specifically acknowledged basing her testimony on Pierce's report.

■ Brabon's specific argument is that Strickland's testimony was that "hopefully" K.B. could be adopted and that she had not located any potential placements for K.B. Brabon also argues that this undermined her testimony as to the adoptability of the other three children, considering Strickland's acknowledgment that her testimony was based on Pierce's report. However, Brabon failed to object to the admission of Strickland's testimony on adoptability; accordingly, she has waived any objection to its speculative nature, her lack of qualifications, or any erroneous basis for her opinion. *See New Empire Ins. Co. v. Taylor,* 235 Ark. 758, 764–65, 362 S.W.2d 4, 8 (1962) (concluding that, if a party fails to object to incompetent evidence, it becomes a part of the evidence that can support a finding); *see also Cobbs v. Ark. Dep't of Human Servs.,* 87 Ark. App. 188, 189 S.W.3d 487 (2004) (affirming a termination of parental rights where the caseworker believed the children could be adopted and appellant challenged the sufficiency of the evidence regarding an appropriate permanency plan). After expressly considering the factors mandated by the statute, the court in the present case concluded that the children were adoptable and that termination of Brabon's parental rights was in the children's best interests.

■ Brabon also argues that the children did not want to be adopted and that they were old enough to have their consent required under Ark.Code Ann. § 9–9–206(a)(5), which requires a minor of a certain age to consent to a "particular adoption." However, this argument was not made below. It is well settled that the appellate courts will not address an issue that is raised for the first time on appeal. *Lamontagne v. Ark. Dep't of Human Servs.,* 2010 Ark. 190, 366 S.W.3d 351; *Kelley v. Ark. Dep't of Human Servs.,* 2011 Ark. App. 481, 2011 WL 2577561. Second, in *Childress v. Arkansas Department of Human Services,* 2009 Ark. App. 322, 307 S.W.3d 50, this court held that Ark.Code Ann. § 9–9–206(a)(5) does not

apply to termination proceedings in dependency-neglect cases.

We cannot say that the circuit court's finding that it was in the children's best interest for Brabon's parental rights to be terminated was clearly erroneous. Accordingly, we affirm.

Affirmed.

GLADWIN and BROWN, JJ., agree.