SLIP OPINION

Cite as 2014 Ark. App. 461

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–14–303

| | |
|---|---|
| MELISSA WILHITE | **OPINION DELIVERED** SEPTEMBER 17, 2014 |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| V. | [NO. JV-2012-367] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE MARK HEWETT, JUDGE |
| APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**ROBERT J. GLADWIN, Chief Judge**

Appellant Melissa Wilhite appeals the January 7, 2014 order of the Sebastian County Circuit Court terminating her parental rights to her two children, T.W. and M.W., ages four and three, respectively. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i) (2013), Wilhite's counsel has filed a no-merit brief and a motion to withdraw, alleging that there are no meritorious grounds for appeal. Wilhite was given an opportunity to file pro se points for reversal but declined to do so. We affirm the termination and grant the motion to withdraw.

The Department of Human Services ("DHS") initiated the case on June 16, 2012, after DHS was called by the Fort Smith Police Department to the scene of a traffic stop where appellant was being arrested for an active warrant for failure to pay fines, possession

of drug paraphernalia, and other citations related to vehicle-registration and insurance violations. Her two children were in the vehicle at the time of her arrest and were found to be dirty, not properly clothed, and in heavily soiled diapers. T.W. also had noticeable medical issues, which appellant explained as a medical condition for which she could not afford medical care. Appellant further stated that she did not have any other clothing for the children, that she was staying at the Salvation Army Shelter, that her husband had been arrested the previous day by federal agents at the motel where they were staying, and that she had no money to pay for the motel. As a result, the children were taken into DHS custody.

The children were adjudicated dependent-neglected due to parental unfitness and neglect. The court set a goal of reunification and ordered appellant to complete parenting classes and demonstrate improved parenting; maintain stable, clean and safe housing; maintain income sufficient to support the children; maintain a reliable means of transportation; resolve pending criminal charges; submit to a drug-and-alcohol assessment and a psychological evaluation; submit to random drug screening; and visit with her children on a regular basis.

The case continued for seventeen months, with little improvement in appellant's circumstances. She was homeless, had very little income, and did not complete many aspects of her case plan. DHS sought termination of appellant's parental rights through a petition filed on July 23, 2013, alleging in its petition that termination was in the children's best interest, and that appellant was unfit under two grounds: (1) Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)(*a*), which allows for termination if, essentially, the children have remained out of the home in excess of twelve months and the conditions which brought the children into care had not been corrected despite the offer of meaningful services by DHS,

and (2) Arkansas Code Annotated section 9-27-341(b)(3)(B)(ix)(*a*)(*4*), which allows for termination if the parent has previously had parental rights involuntarily terminated to a sibling of the juveniles.

The circuit court found that the statutory grounds alleged in the petition had been proved and that it was in the children's best interest to terminate parental rights, considering the likelihood that they would be adopted[1] and the potential harm caused by returning them to Wilhite's custody. The circuit court granted the petition on January 7, 2014.

In compliance with *Linker-Flores* and Rule 6-9(i), Wilhite's counsel has examined the record for adverse rulings and has adequately discussed why there is no arguable merit to an appeal of the decision to terminate Wilhite's parental rights, noting that there were no other adverse rulings or evidentiary objections. After carefully examining the record and the no-merit brief, we hold that Wilhite's counsel has complied with the requirements for a no-merit parental-rights-termination appeal and that the appeal is wholly without merit. We therefore affirm the termination of Wilhite's parental rights to T.W. and M.W. by memorandum opinion, *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985), and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

WOOD and BROWN, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, Dependency-Neglect Appellate Division, for appellant.

No response.

---

[1]Caseworker Robbie McKay's testimony that the children were in a prospective adoptive placement in which the foster parents indicated a desire to adopt them was not challenged. This court has held such evidence sufficient to support this element of the best-interest analysis. *Brabon v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 2, 388 S.W.3d 69.