

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-609

|  |  |
|---|---|
| | **Opinion Delivered** November 5, 2014 |
| ASHLEY McPHERSON<br>APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[No. JV-2013-281] |
| V. | |
| | HONORABLE CINDY THYER, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN<br>APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**LARRY D. VAUGHT, Judge**

Appellant Ashley McPherson appeals the April 25, 2014 order of the Craighead County Circuit Court terminating her parental rights to her two children, J.S. (born May 25, 2012) and N.S. (born September 13, 2013). Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i) (2014), McPherson's counsel has filed a no-merit brief and a motion to withdraw, alleging that there are no meritorious grounds for appeal. McPherson was given an opportunity to file pro se points for reversal but declined to do so. We affirm the termination and grant the motion to withdraw.

The Department of Human Services (DHS) initiated the case on September 13, 2013, after receiving a report that McPherson tested positive for methamphetamine, amphetamine,

THC, and benzodiazepine at the time of N.S.'s birth. When N.S.'s urine was tested, it was positive for methamphetamine. As a result, both N.S. and J.S. were taken into DHS custody.

The children were adjudicated dependent-neglected due to parental unfitness based on the positive drug screens on McPherson and N.S. at N.S.'s birth. The trial court set a goal of reunification. The court also ordered McPherson to cooperate with DHS and to comply with the case plan, which required her to do the following: remain drug-free; submit to random drug screens; submit to a drug-and-alcohol assessment and a psychological evaluation; submit to and complete in-patient drug rehabilitation; complete parenting classes and demonstrate improved parenting; maintain stable, clean, and safe housing; maintain income sufficient to support the children; keep DHS informed of a current address, notify DHS of changes in address or marital status, and maintain weekly contact with her case worker; and visit with her children on a regular basis.

The case continued with little improvement in McPherson's circumstances, and on February 25, 2014, DHS petitioned for termination of her parental rights, alleging that termination was in the children's best interest and that McPherson was unfit under three grounds: (1) Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)*(a)*, which allows for termination if, essentially, the children have remained out of the home in excess of twelve months and the conditions that brought the children into care had not been corrected despite the offer of meaningful services by DHS; (2) Arkansas Code Annotated section 9-27-341(b)(3)(B)(iv), which allows for termination if the parent has abandoned the child; and (3) Arkansas Code Annotated section 9-27-341(b)(3)(B)(ix)*(a)(4)*, which allows for termination if

the parent has previously had parental rights involuntarily terminated to a sibling of the juveniles.[1]

After a hearing, the trial court found that the statutory grounds alleged in the petition had been proved by clear and convincing evidence and that it was in the children's best interest to terminate parental rights, considering the likelihood that they would be adopted[2] and the potential harm caused by returning them to McPherson's custody. The trial court entered an order granting the petition on April 25, 2014.

In compliance with *Linker-Flores*, and Rule 6-9(i), McPherson's counsel has examined the record for adverse rulings and has adequately discussed why there is no arguable merit to an appeal of the decision to terminate McPherson's parental rights. Counsel has also adequately discussed why there is no merit to an appeal of the only other adverse ruling—the trial court's denial of McPherson's motion to continue the termination hearing despite her absence at the hearing.[3]

---

[1]Regarding each ground, DHS representatives testified that McPherson failed to comply with all facets of the case plan; that she visited with the children only three times during the pendency of the case and had not seen the children in four months; and that parental rights to her five other children—siblings of J.S. and N.S.—had previously been involuntarily terminated.

[2]Caseworker Leslie Craig testified that the children were adoptable and that they were currently in a home with a family who had expressed a desire to adopt them. This testimony was not challenged. This court has held such evidence sufficient to support the element of the best-interest analysis. *Wilhite v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 461, at 3 n.1.

[3]The record reflects that there was a subsequent termination hearing held three weeks later and that McPherson was permitted to testify at that hearing.

SLIP OPINION

Having carefully examined the record and the no-merit brief, we hold that McPherson's counsel has complied with the requirements for a no-merit parental-rights-termination appeal and that the appeal is wholly without merit. We therefore affirm the termination of McPherson's parental rights to J.S. and N.S. by memorandum opinion, *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985), and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

GLOVER and WOOD, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.

No response.